AUDRA R. BEHNÉ
LAW OFFICES OF AUDRA R. BEHNÉ
A Professional Corporation
14724 Ventura Boulevard, 2nd Floor
Sherman Oaks, CA 91403
Tel - (818) 881-2155
Fax - (818) 995-0007
audrabehne@aol.com

California Bar No. 180038

Attorney for Li Yi, Plaintiff

ORIGINAL FILED

JUL 2 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JW

C 07 3461

| | |
|---|---|
| LI YI ) | CV NO: |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | COMPLAINT FOR A WRIT IN |
| CHRISTINA POULAS, Acting Director ) | NATURE OF MANDAMUS TO |
| of the United States Citizenship and ) | COMPEL ADMINISTRATIVE |
| Immigration Services, California Service Center; ) | ACTION |
| GERARD HEINAUER, Director of the United ) | |
| States Citizenship and Immigration Services, ) | IMMIGRATION CASE |
| Nebraska Service Center; EMILIO T. ) | |
| GONZALEZ, Director of the ) | |
| United States Citizenship and Immigration ) | |
| Services; UNITED STATES CITIZENSHIP ) | |
| AND IMMIGRATION SERVICES; ) | |
| MICHAEL CHERTOFF, Secretary of the ) | |
| Department of Homeland Security; ) | |
| ALBERTO GONZALES, United States Attorney ) | |
| General; ROBERT MUELLER, Director of the ) | |
| Federal Bureau of Investigations; and FEDERAL ) | |
| BUREAU OF INVESTIGATIONS ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

1

Complaint

## I. INTRODUCTION

1. Plaintiff is seeking mandamus to compel Defendants to complete the background investigation and adjudication of his Application for Adjustment of Status (Form I-485) currently pending with the Citizenship and Immigration Services.

## II. PARTIES

2. Plaintiff, Li Yi, is a native and citizen of China and resides in Mountain View, California and is employed by Western Digital Technologies, Inc. in San Jose, California.

3. Defendant, Christina Poulas, is the Acting Director of the United States Citizenship and Immigration Services, California Service Center. She is sued in his official capacity.

4. Defendant, Gerard Heinauer, is the Director of the United States Citizenship and Immigration Services, Nebraska Service Center. He is sued in his official capacity.

5. Defendant, Emilio T. Gonzalez, is the Director of the United States Citizenship and Immigration Services. He is sued in his official capacity.

6. Defendant, United States Citizenship and Immigration Services is the agency responsible for implementing the provisions of the Immigration and Nationality Act and is the successor agency to the Immigration and Naturalization Service.

7. Defendant, Michael Chertoff, is the Secretary of the United States Department of Homeland Security, which overseas the United States Citizenship and Immigration Services. He is sued in his official capacity.

8. Defendant, Emilio Gonzales, is the Director of the United States Citizenship and Immigration Services. He is sued in his official capacity.

9. Defendant, United States Citizenship and Immigration Services is the agency responsible for implementing the provisions of the Immigration and Nationality Act.

2

Complaint

10. Defendant, Alberto Gonzales, is the Attorney General of the United States. He is sued in his official capacity.

11. Defendant, Robert Mueller, is the Director of the Federal Bureau of Investigations, the federal agency that is responsible for completing security checks and background clearances of foreign nationals seeking immigration benefits from the United States Citizenship and Immigration Services.

12. Federal Bureau of Investigations is the federal agency, which is responsible for completing security checks and background clearances of foreign nationals seeking immigration benefits from the United States Citizenship and Immigration Services.

## III. JURISDICTION AND VENUE

13. This is an action for mandamus and injunctive relief in accordance with the provisions of 28 U.S.C. § 2201 and § 2202 (2006), and is brought for the purpose of determining a question of actual controversy between the parties, as more fully explained in the remainder of this complaint.

14. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 (2006), this being an action which arises under the Constitution and laws of the United States, specifically the Immigration and Nationality Act, 8 U.S.C. § 110, et seq. (2006); pursuant to 28 U.S.C. § 2201 (2006); pursuant to 8 U.S.C. § 1329 (2006), this being an action arising under the provisions of the Immigration and Nationality Act; pursuant to 28 U.S.C. § 1361 (2006), this being an action in the nature of mandamus to compel officers and employees of an agency of the United States to perform duties owed to Plaintiff; and pursuant to 5 U.S.C. § 701, et. seq. (2006), this being an action alleging violation of the Administrative Procedure Act.

15. Jurisdiction of this court is not limited by 8 USC § 1252(a)(2)(B) or the REAL ID Act, P.L. 109-13, 119 Stat. 231 (May 11, 2005), as this is a writ of mandamus action seeking to compel the government to perform nondiscretionary duties that are required by law. See e.g., Montero-Martinez v. Ashcroft, 277 F.3d 1137 (9th Cir. 2002).

16. Venue properly lies in this Court pursuant to the provisions of 28 U.S.C. §§1391(e) and 1402 (2006) and 5 U.S.C. § 703 (2006).

17. Plaintiff alleges eligibility for payment of reasonable attorney's fees under the terms of the Equal Access to Justice Act pursuant to 28 U.S.C. § 2412 (2006) and 5 USC § 504 et seq. (2006).

### IV. INTRADISTRICT ASSIGNMENT

18. Pursuant to Civil L.R. 3-2, the San Jose division has jurisdiction over this matter as Plaintiff resides in Santa Clara County.

### V. FACTUAL BACKGROUND

18. Plaintiff is a Ph.D. graduate in Engineering from the University of California, Berkley in Berkley, California. Plaintiff is currently employed by Western Digital Technologies, Inc. in San Jose, California as a Senior Principal Engineer.

19. On or about December 8, 2004, Western Digital Technologies, Inc. filed with the Citizenship and Immigration Services, California Service Center, an Immigrant Visa Petition (Form I-140) on behalf of Plaintiff. Concurrently, on or about December 8, 2004, Plaintiff filed with the Citizenship and Immigration Services, California Service Center, an Application to Adjust Status (Form I-485) based upon the Immigrant Visa Petition (Form I-140).

20. On or about May 19, 2005, the Citizenship and Immigration Services approved the Immigrant Visa Petition (Form I-140) filed on behalf of Plaintiff.

21. Plaintiff's Application for Adjustment of Status (Form I-485) is still pending with no resolution.

## VI. CAUSES OF ACTION

### A. FACTS SUPPORTING MANDAMUS

22. Plaintiff filed his Application for Adjustment of Status (Form I-485), as previously described, with Defendants, pursuant to 8 USC §1255 (2006). Defendants have accepted the application and the corresponding filing fees paid by Plaintiff. However, through purposeful acts, negligence, poor management and/or inattention, Defendants have failed to complete the ministerial actions that would result in allowing them to adjudicate Plaintiff's application.

23. Several inquiries have been submitted requesting information regarding the current status of Plaintiff's case. These inquiries were submitted in accordance with the procedures established by Defendants for such purposes.

24. Defendants have not taken action to complete the adjudication of said application in this action despite these numerous inquiries and requests.

25. Defendants have adjudicated similar applications filed by persons who are not parties to this action and which were filed subsequent to the application filed by Plaintiff.

26. Defendants do not employ any reasonable system to safeguard that: (1) files are centrally monitored to guarantee that they are being closed out on a rational, efficient and nonpreferential basis; or (2) applicants are provided with information on the status of files that have not been adjudicated on a timely basis.

27. Plaintiffs have been denied due process of law under the terms of the Fifth Amendment to the United States Constitution by Defendants' neglect and refusal to take action to adjudicate Plaintiff's application.

28. Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendants' delay and refusal to take action. This harm includes, but is not limited to: an unreasonable delay in establishing eligibility for United States citizenship and the privilege that come with it, such as voting; inability to relocate; inability to receive promotions or otherwise advance in his career; separation from family; inability to obtain home loans; and generally, continuing mental distress resulting from his unsettled legal condition.

29. There is no reasonable basis for Defendants' position and it is not substantially justified under the law.

30. Defendants have in their possession all information necessary to complete the adjudication of Plaintiff's application. Defendants' refusal to complete this administrative processing is a disregard of their official duty and Plaintiff is wholly without remedy, under the circumstances, unless mandamus is ordered by this Court.

**B. VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

31. The Administrative Procedure Act (hereinafter "APA") provides categorically that:

[t]he reviewing court shall-

    (1) compel agency action unlawfully withheld or unreasonably delayed; and
    (2) hold unlawful and set aside agency action, findings, and conclusions found to be-
        A) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law; [or]
        B) contrary to constitutional right, power, privilege or immunity....

5 U.S.C. § 706 (2006). Defendants' conduct in failing to process Plaintiff's Application for Adjustment Status is in violation of the APA.

22. The APA provides categorically that "within a reasonable time, each agency shall proceed to conclude any matter presented to it." 5 U.S.C. § 555(b) (2006). In recognition that a

failure or unwarranted refusal to adjudicate should be enjoined, Congress provided that courts may review the inaction of an agency and specifically "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706 (2006).

23. Defendants' conduct in failing to process Applications for Adjustment of Status, as described in the aforementioned allegations, is capricious and arbitrary and results in severe and unwarranted delay to Plaintiff in obtaining valuable immigration and citizenship benefits. The delay so incurred is tantamount to a violation of the APA, 5 U.S.C. § 555 and §706 (2006).

26. 24. Plaintiff has suffered and continues to suffer severe and irreparable injury for which he

### VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

That judgment is entered ordering Defendants to forthwith adjudicate Plaintiff's Application for Adjustment of Status;

2. That Defendants be permanently enjoined from refusing to communicate with attorney for Plaintiff regarding the status of his case;

3. That Defendants be ordered to pay the cost of suit herein;

4. That Defendants be ordered to pay Plaintiff's reasonable attorney's fee for this action; and

5. That the Court grants such other and further relief as it may deem to be necessary and proper.

////

Dated: June 27, 2007

Respectfully submitted,

LAW OFFICES OF AUDRA R. BEHNÉ

*Audra R. Behné*

AUDRA R. BEHNÉ
Attorney for the Plaintiff